SAULS v. D. W. ALDERMAN & SONS CO.

1. CONTRIBUTORY NEGLIGENCE.—The request of the defendant to charge upon the doctrine of contributory negligence was unsound, in that it did not include the rule that the negligence of the plaintiff must contribute as a proximate and immediate cause of the injury. *Long* v. *Ry.,* 50 S. C., 53, *distinguished from this.*

2. IBID.—CHARGE.—Judge did not neglect to charge on contributory negligence, but if more particular instructions were desired, they should have been embodied in sound requests.

Before BUCHANAN, J., Clarendon, October, 1898. Affirmed.

Action for damages for killing a cow by Morgan L. Sauls against D. M. Alderman & Sons Co. From judgment for plaintiff, defendant appeals.

*Messrs Wilson & Durant,* for appellant, cite: *On contributory negligence:* 50 S. C., 49. *Refusal to charge upon point supported by any evidence is error:* 19 Conn., 506; 9 Rich., 92.

*Mr. Joseph T. Rhame,* contra, cites: *Refusals to charge not considered, when requests appear only in exceptions:* 21 S. C., 261. *Effect of fact and unsound request should not be charged:* 14 S. C., 163; 17 S. C., 157; 15 S. C., 443. *As to contributory negligence:* 9 Rich., 90; 5 Seld., 863; 19 S. C., 28; 15 S. C., 446; 10 M. & W., 545. *Stock law and care of railroad thereunder:* 20 S. C., 258.

June 27, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. The complaint herein contains the following allegations: "I. That the defendant is a corporation incorporated under the laws of the said State. II. That before and on the 15th day of December, A. D. 1897, the defendant was in possession of, and controlled and operated a certain railroad, passing over and through a portion

of the said county of Clarendon, known as Alderman's Tram Road, together with the track, cars, locomotives, engines and other appurtenances thereto belonging. III. That on the day and year aforesaid, the plaintiff was the owner of a certain dun-colored cow, of medium size, of the value of $30, which said cow, on the said day, casually and without fault of the said plaintiff strayed in and upon the ground and track occupied by the said railroad, at or near a point about one and one-half miles southeast of Sardinia, in said county, and in the township of New Zion therein. IV. That the defendant, by its agents and servants, not regarding its duty in that respect, so carelessly and negligently ran and managed the said locomotive and cars, that the same ran against and over said cow of the said plaintiff, and killed and destroyed the same, to the damage of the plaintiff $30. Wherefore, the plaintiff demands judgment against the defendant for the said sum of $30, and costs of this action."

The defendant in its answer admitted the allegations contained in the first and second paragraphs of the complaint, but denied those set forth in the third and fourth paragraphs. The jury rendered a verdict in favor of the plaintiff for $23.

The defendant appealed upon two exceptions, the first of which is as follows: "Because his Honor erred, it is respectfully submitted, in refusing to instruct the jury on the law of contributory negligence, and in holding that contributory negligence could not be submitted to the jury under the pleadings in the action." At the hearing of this case in the Supreme Court, the appellant's attorney stated that he did not lay much stress on this exception. It was not, however, formally abandoned, and will therefore be considered. The only request to charge as to contributory negligence is contained in the second exception, and as it involves the question raised by the first exception it will be considered in connection with that exception, and is as follows: "Because his Honor erred, it is respectfully submitted, in refusing to charge defendant's sixth request to charge, to

wit: 'Even if the defendant did manage its train negligently, yet if the owner of the stock carelessly and negligently allowed his stock to roam at large at a place where he knew, or ought to have known, that it was dangerous, and if this contributed to the injury, then the verdict must be for the defendant. In considering the question of contributory negligence of the owner, the jury should consider whether the stock was allowed, under the law, to run at large where trains frequently passed, as well as all the circumstances that may have been shown to exist.' Such refusal on the part of his Honor being erroneous, it is respectfully submitted, in that it precluded the jury from the consideration of the question of contributory negligence on the part of the plaintiff, the same being a material issue raised by the pleadings and evidence." The presiding Judge indorsed upon the said request, "(Refused as all new matter modified by general charge on the stock law, &c. See charge)." The rule as to contributory negligence is thus stated in the case of *Farley* v. *C. B. &c.* Co., 51 S. C., 237: "If the plaintiff was guilty of negligence to such a degree that it was the proximate and immediate cause of the injury, even if there was also negligence on the part of the defendant, he would not be entitled to a recovery. On the other hand, if the defendant was guilty of such negligence as was the proximate and immediate cause of the injury, the plaintiff would be entitled to a recovery, even though he was also guilty of negligence, provided his negligence was not a proximate and immediate cause of the injury. If the plaintiff was guilty of negligence, which was not the proximate cause of the injury, and the proximate cause of the injury was the failure of defendant to exercise reasonable care and prudence to avoid the injury, the plaintiff would be entitled to a recovery." The request did not state a sound proposition of law, because it failed to take into consideration that the negligence of the plaintiff must contribute as a proximate and immediate cause of the injury. The eighth request, in the case of *Long* v. *Ry. Co.,* 50 S. C., 53, was in the identical

language of the request in this case, but the Court did not decide whether that request was erroneous or not. It cannot, therefore, be considered an authority in this case, and the second exception is overruled.

The presiding Judge did not refuse to charge upon the question of contributory negligence, for in his general charge we find the following: "The stock law in operation is a circumstance that may be considered by you. Not that this circumstance necessarily modifies the rule of liability laid down above, but is a circumstance that you may consider (*Molair* v. *R. R. Co., Davis* v. *R. R. Co.*), in finding out the facts and determining the matter of care." If the appellant desired that the presiding Judge should have been more specific in his charge, it was his duty to have prepared requests to that effect containing sound propositions of law. The first exception is also overruled.

Judgment affirmed.